## SEIDENABEL v KASPAR & HINES

Ohio Appeals, 4th Dist, Meigs Co

Decided May 25, 1932

A. D. Russell, Pomeroy, for plaintiff.
Ralston Russell and D. H. Peoples, Pomeroy, for defendants.

BY THE COURT

Considerable testimony was taken in the trial of this case and we will not attempt to review all of it. The evidence establishes that the defendants began their mining operations in the mines described in the petition about January 1, 1930, and not January 1, 1929, as alleged in the petition. Three or four witnesses testified that Henry Seidenabel, husband of the plaintiff, pointed out to them the injuries to the plaintiff's property described in the petition before the mining operations by the defendants began. Three of them testified that their attention was called to it in September, 1929, while one of them stated it was in November, 1929. This together with other evidence offered on behalf of the defendants creates an uncertainty as to the cause of the injury to the plaintiff's property. The evidence is not clear that the injury was caused by the acts of the defendants. In order to warrant the court in granting an injunction in this case restraining the defendants from pursuing their mining operations the plaintiff must establish her case by evidence that is clear.

In the case of **Spangler v City of Cleveland, 43 Oh St 526**, the Supreme Court said:

"1. The burden of establishing the right to a perpetual injunction, claimed by a party to an action, is upon such party.

2. The court will grant a perpetual injunction only when a party shows a clear right thereto."

In **21 Ohio Jur. 1280** it is said:

"The weight and sufficiency of evidence necessary to warrant an injunction has been variably stated. It must be clear, or, as expressed in other cases, clear and convincing, or clear and unexceptional."

After a review of all of the evidence in the case we do not think that the plaintiff has established her right to the extraordinary remedy of injunction by the degree of proof required.

Decree for defendants.

MAUCK, PJ, and MIDDLETON, J, concur.